**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MADELINE COX ARLEO**<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2060<br>NEWARK, NJ 07101<br>973-297-4903 |

February 27, 2009

Jo Ann Burk, Esq.            Jayla Taylor, Pro Se
Cuyler Burk, P.C.            19009 Leigh Lane
Parsippany Corporate Center  Pflugerville, TX 78660
Four Century Drive
Parsippany, NJ 07054

Karen M. Buerle, Esq.
Grieco, Oates & DeFilippo, LLC
414 Eagle Rock Avenue, Suite 200
West Orange, NJ 07052

**LETTER OPINION**

  Re: **Prudential Insurance Company of America v. Taylor, et al.**
     **Civil Action No. 08-2108 (SDW)**

Dear Counsel:

On April 28, 2008, The Prudential Insurance Company of America ("Prudential") filed this interpleader action pursuant to F.R.C.P. 22. On January 22, 2009, the Court granted default judgment against defendant Ducker and summary judgment on plaintiff's motion for interpleader of funds. For the reasons set forth below, the Court will enter final judgment in favor of defendant Taylor in the amount of $400,000 plus all accrued interest, less registry fees and an award of counsel fees of $5,478 to Prudential.[1]

By way of background, Prudential, through Servicemember's Group Life Insurance, issued

---

[1] The parties consented to the Court's jurisdiction. (Dkt. No. 17).

a group policy providing life insurance for members of the United States Armed Forces. Marcus Allen, an active service person with the United States Air Force, was insured under the group policy in the amount of $400,000. On July 27, 2008, Marcus Allen designated Ronnie Allen, his father, as the beneficiary. No contingent beneficiary was listed. (See generally Complaint).

On January 16, 2008, Marcus Allen and Ronnie Allen died simultaneously in a car accident. Since no contingent beneficiary was listed, Prudential invited a claim from Jayla Taylor, Marcus Allen's surviving parent. On February 20, 2009, Ms. Taylor submitted a claim for death benefits. Shortly thereafter, Brenda Ducker, sent a letter to Prudential alleging she was entitled to payment of benefits as Ronnie Allen's "common law wife." (See Complaint, ¶ 10-13). Thereafter, Prudential filed this interpleader action seeking to deposit the proceeds of the $400,000 policy in the Registry of the Court.

Ms. Taylor filed an Answer to Prudential's Complaint on June 10, 2008. Ms. Ducker was personally served with Prudential's Complaint on May 15, 2008. She was thereafter given an extension of several weeks to answer Prudential's Complaint by Prudential's former counsel. (See Statement of Material Facts pursuant to 56.1 (Docket No. 12-2)). On August 19, 2008, Prudential wrote to Ms. Ducker advising her that if she did not answer the Complaint or contact counsel for Prudential by September 1, 2008, Prudential would seek to have default entered against her. (Id. ¶18) On September 18, 2008, a clerk's entry of default was entered against Ms. Ducker.

On January 22, 2009, this Court entered an Order granting default judgment against defendant Brenda Ducker pursuant to Fed. R. Civ. P. 55(b). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable

conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). Applying these factors here, the Court was satisfied that default judgment was warranted. First, Prudential, as a disinterested stake holder, would be prejudiced by its inability to fulfill its contractual obligations to pay life insurance benefits. Second, because Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses. Finally, there was nothing before the Court to suggest that anything other than Ms. Ducker's willful negligence caused her failure to file an answer, and she was therefore culpable. See Chamberlain, 210 F.3d at 164.

The Court also granted summary judgment directing that Prudential deposit the $400,000 together with any accrued interest into the Court. Summary judgment may be granted only when materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the court must grant all reasonable inferences from the evidence to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Penn. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing that there is no triable issue of fact and demonstrated an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita, 475

U.S. at 586. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324.

Here, the case involves Prudential, a neutral stakeholder who has been faced with competing claims over the rights of the proceeds of a life insurance policy where potential beneficiaries have disputed their entitlement to same. The law of interpleader recognizes that a stakeholder, such as Prudential here, is not obligated to determine which of the claims is meritorious. See, e.g., Bierman v. Marcus, 246 F.2d 200, 202 (3d Cir. 1957), cert. denied, 356 U.S. 933 (1958). As such, the Court was satisfied that the requirements of the interpleader rule were satisfied and that the disputed funds should be deposited with the Court. 28 U.S.C. §2361; Hudson Savings Bank v. Austin, 479 F.3rd 103, 107 (1st Cir. 2007).

By letter application dated February 3, 2009, the remaining stakeholder, defendant Jayla Taylor, sought a determination of her rights by final judgment and a turn over of the funds to herself and to Prudential for attorney's fees. For the reasons set forth below, defendant Taylor's application is granted.

Analysis:

The United States Code, 38 U.S.C. § 1970 deals with the offer of payments for proceeds of a service member's group life insurance policy. It states in pertinent part:

> Any insurance payable pursuant to the statute is payable in the following order of precedence: (1) to the beneficiary or beneficiaries designated by a writing received prior to the insured's death; (2) if there is no such beneficiary, to the widow or widower of the insured; (3) if none of the above, to the child or children of the insured and descendants of deceased children by representation; (4) if none of the above, to the parents of the insured or their survivors; (5) if none of the above, to the

duly appointed executor or administrator of the estate of the insured; (6) if none of the above, to the other next of kin of the insured entitled to the benefits pursuant to the laws of that domicile.

Defendant Taylor's right to death benefits is governed by this Statute. At that time of his death, Marcus Allen's beneficiary, his father, was deceased and he had neither a legal spouse nor children. (See Jayla Taylor Aff. at ¶ 6, attached as Ex. B to 2/3/09 Ltr Brf). Jayla Taylor, the surviving mother of Marcus Allen, is therefore entitled to the proceeds of policy in accordance with subsection 4 above. (See 2/3/09 Ltr Brf at Exhs. A-C).

Therefore, this Court is satisfied that final judgment should be entered in favor of defendant Taylor in the amount of $400,000 plus all accrued interest, less registry fees and attorney's fees payable to Prudential. In accordance with the agreement of Prudential and Ms. Taylor, the amount of $5,478.00 shall be made payable to Prudential for attorney's fees. The Clerk of the Court shall disburse $5,478.00 to Prudential, and the balance of the amount held disbursed to Ms. Taylor, as set forth in the accompanying order.

**SO ORDERED.**

*s/Madeline Cox Arleo*
**MADELINE COX ARLEO**
**United States Magistrate Judge**

cc: Clerk
    Hon. Susan D. Wigenton, U.S.D.J.
    File